In the Matter of Acquiring Title by the CITY OF NEW YORK to Certain Lands and Premises Located on the Northwesterly Side of Avenue M, etc., Borough of Brooklyn, as a Site for School Purposes, etc.

Supreme Court, Kings County, January 15, 1927.

Municipal corporations — streets — proceeding pursuant to Greater New York charter, §§ 1431–1453, to acquire lands for school purposes does not authorize taking of fee of one-half of unopened street which has been dedicated to public use — fee of land within boundaries of street must be acquired pursuant to Greater New York charter, §§ 969–1016.

A resolution by the board of estimate and apportionment of the city of New York approving the selection by the board of education of said city of certain property for school purposes in part upon an unopened street which had been dedicated to public use by plotting maps properly filed and on which some of the lots had been sold does not authorize the taking of the fee in one-half of the street in a proceeding instituted under sections 1431–1453 of the Greater New York charter, relating to the acquisition of lands for school sites, notwithstanding the fact that said resolution provided for the taking of the property " together with all right, title and interest, if any, in and to the streets or avenues in front thereof to the center thereof."

The fee to lands within the boundaries of streets which have been dedicated to public use must be acquired pursuant to sections 969–1016 of the Greater New York charter, regulating the taking of real property for streets, parks and playgrounds.

PROCEEDING for the acquisition of lands for school purposes.

*George P. Nicholson, Corporation Counsel [Herbert S. Worthley, Assistant Corporation Counsel]*, for the City of New York.

*Sarah Stephenson*, for Brown Mortgage Corporation.

HAGARTY, J.  On November 10, 1922, a resolution was adopted by the board of estimate and apportionment of the city of New York approving the selection by the board of education of property described as follows: " Beginning at a point formed by the intersection of the southwesterly side of 92d street and the northwesterly side of Avenue M; and running thence northwesterly along the southwesterly side of 92d street 60 feet 1 inch to the southerly line of the lands of Public School 115; thence southwesterly along the southerly line of the lands of Public School 115, 280 feet ½ inch to the northeasterly side of 91st street; thence southeasterly along the northeasterly side of 91st street 60 feet to the northwesterly side of Avenue M, and thence northeasterly along the northwesterly side of Avenue M 283 feet 1¾ inches to the point of place of beginning, be the said several dimensions more or less, said premises being designated as Lots Nos. 1, 11 and 83, in Block 8256, on the Tax

Supreme Court, January, 1927.     [Vol. 128

Maps of the Borough of Brooklyn, together with all right, title and interest, if any, in and to the streets or avenues in front thereof to the center thereof."

The resolution contained the further requisite provisions for the vesting of title in the city of New York. The necessary map was prepared by the board of education, and, together with the resolution, received in evidence. After a hearing, awards were made for the three damage parcels as laid down upon the damage map. Thereafter, and with the consent of the corporation counsel, the proceedings were opened and proof of the value of the land lying in the center of Avenue M, 40 feet front and rear by 283 feet deep, on each side, designated lot "1-A" upon an amended map, was offered by the city and a claimant who also owned lot No. 1, bordering on the northerly side of Avenue M as laid down on said map, the award for which was made to an unknown owner. It is claimed by the claimant and conceded by the corporation counsel, that the resolution is sufficient to provide for the taking of the land to the center of Avenue M, since the resolution contains the provision "together with all right, title and interest, if any, in and to the streets or avenues in front thereof to the center thereof."

The taking of the land in the bed of the street was not, in my opinion, within the contemplation of the board of estimate and apportionment at the time of the adoption of the resolution. The description by metes and bounds recognizes the fact that the southerly boundary lines of the land to be taken extend along the northerly side of Avenue M. Nevertheless, it is submitted to me that Avenue M is not a legally opened street, and that the claimant is entitled to substantial damages.

Streets in the town of Flatbush, and also those of the other towns adjoining Brooklyn, were all laid out on the town survey commissioner's map, as authorized by chapter 670, Laws of 1869, as amended by chapter 581 of the Laws of 1874. This map was filed in the office of the register of the county of Kings on the 14th day of June, 1874. Upon it, Avenue M is a thoroughfare eighty feet wide and runs along the southerly boundary of the property described in the resolution. Although public highways are created in but four ways, by proceedings under the statute, by prescription, by dedication resulting from offer and implied or actual acceptance, and by concession under section 971 of the Greater New York charter (as added by Laws of 1915, chap. 606) (*City of Cohoes* v. *D. & H. C. Co.*, 134 N. Y. 397, 402), private street easements may be created by mapping and sales (*Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61; *Lord* v. *Atkins*, 138 id. 184) between two intersecting highways (*Reis* v. *City of N. Y.*,

188 N. Y. 58). Private easements are independent of public easements. (*Holloway* v. *Southmayd*, 139 N. Y. 390; *Johnson & Co.* v. *Cox*, 196 id. 110.) Independent research by the court discloses that two private maps were filed which affect the property in question. The " Schenck " map was filed in the office of the register of the county of Kings on the 25th day of May, 1893, as Map 1131, and the " Matthews " map was filed in the same office, in 1900, as Map No. 1368. On the Matthews map, Avenue M is laid down as a thoroughfare fifty feet wide, while the city's map (*supra*) shows it to be eighty feet wide. Upon the Matthews map the northwesterly line of Avenue M is the southeasterly line of lot No. 1 in this proceeding. Upon the southeasterly side of Avenue M, as laid down on the " Matthews " map, the land is plotted. These plots include a strip of land thirty feet wide in the bed of Avenue M on the southeasterly side, as laid down on the city's map. The conflict arising from the difference in width, as shown upon the different maps, becomes apparent. If forty feet were taken in this proceeding, being to the center line of Avenue M, as laid down on the city's map, but ten feet of the avenue would remain to the abutting owners on the southeasterly side under the " Matthews " map. Further, if there were sales between East Ninety-second street and East Ninety-first street, the property sought to be condemned here would be subject to easements. (*Reis* v. *City of N. Y.*, *supra*.) Upon the hearing, no proof was offered or taken as to possible easements.

The city of New York acquires title in fee or to an easement for the use of the public to real property required for streets, parks playgrounds; etc., pursuant to the provisions of sections 969 to 1016 of the Greater New York charter, as added by chapter 606 of the Laws of 1915. The acquisition of lands for school sites is under the provisions of sections 1431 to 1453 of the charter (as added by Laws of 1915, chap. 596). The proceedings are not the same. In this proceeding, the substantial interest, if any, of the claimant to the center line of Avenue M, as laid down on the city's map, cannot be taken. Clearly, the resolution is insufficient. If the land is to be taken by the city, it should be taken for *street purposes* and not for *school purposes*. In a street opening proceeding all the questions that naturally suggest themselves, including the discrepancies in the maps, questions of easements, etc., will be determined. More than that, if the property were taken in this proceeding and a substantial award made, the award would be paid out of money appropriated to the use of the board of education. There would be no refund of this money, because, in a subsequent street opening proceeding, the award would be but nominal. Avenue M should

be opened between East Ninety-first and Ninety-second streets, pursuant to the provisions of sections 969 to 1016 of the charter.

I will strike out all the testimony adduced by both the claimant and. the city, and refuse to consider lot designated 1-A as a part of this proceeding, and note an exception to the claimant.